IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CRIMINAL NO. 04-0054-WS-M |
| | ) | |
| JAMES LARON KNIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the Court on the petitioner's motion to vacate. (Doc. 100). The Magistrate Judge entered a report and recommendation ("R&R") that the motion be denied, (Doc. 115), in response to which the petitioner filed objections. (Doc. 116). After a careful consideration of the file and de novo review of those portions of the R&R to which objection is made, and of the testimony and argument presented at an evidentiary hearing, the Court concludes that the R&R is due to be adopted, with the additions set forth below, as the opinion of the Court and that the motion to vacate is due to be denied.

Following entry of the R&R, the petitioner filed a motion to amend his motion to vacate. (Doc. 122). After carefully considering the motion to amend, the Court concludes that it likewise is due to be denied.

DISCUSSION

**A. Motion to Vacate.**

The petitioner's motion to vacate lists six grounds, but the petitioner explicitly "concedes" that "claims three, four and five are insufficient to warrant § 2255 relief." (Doc. 113 at 1 n.1). The remaining claims are: (1) that the petitioner was denied the right to testify in his defense due to constitutionally ineffective counsel; (2) that counsel

was ineffective in failing to interview and call four impeachment witnesses; and (3) that he was denied due process due to the cumulative effect of counsel's errors and omissions.

"[A] criminal defendant has a *fundamental* constitutional right to testify in his or her own behalf at trial. This right is personal to the defendant and cannot be waived either by the trial court or by defense counsel." *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc) (emphasis in original). "Defense counsel bears the primary responsibility for advising the defendant of his right to testify or not to testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide." *Id.* at 1533. "Absent such advice, the defendant cannot effectively waive his right to testify." *McGriff v. Department of Corrections*, 338 F.3d 1231, 1237 (11th Cir. 2003). Counsel can render deficient performance in this regard either by "refus[ing] to accept the defendant's decision to testify and … not call[ing] him to the stand" or by "never inform[ing] the defendant of the right to testify, and that the ultimate decision belongs to the defendant." *Teague*, 953 F.2d at 1534. The petitioner does not contend that he made a decision to testify which counsel refused to honor. Instead, he denies that counsel told him he had a right to testify and that the decision was his.

The petitioner and his trial counsel presented competing affidavits concerning what she told him concerning his right to testify. The Court appointed counsel and conducted an evidentiary hearing for the limited purpose of resolving the fact issue presented by these conflicting statements as to whether counsel rendered deficient performance. (Doc. 123). After hearing their testimony and observing their demeanor, the Court credits counsel's testimony and rejects that of the petitioner.

Counsel, who is highly experienced in such matters, testified that she routinely tells her clients they can testify if they want to do so; that she reviews their prospective testimony with them if they indicate they want to testify; that she reviewed the petitioner's prospective testimony with him; that she found his story damaging to his case, since he could not effectively answer even simple questions from her; and that she routinely tells clients who want to testify when she believes they will thereby harm their

[2]

case that, if they testify, it will be against her advice. It is clear from this testimony that counsel advised the petitioner he could testify if he wanted and that he could do so even though she believed he should not do so.

The petitioner makes much of counsel's lack of a specific recollection of what she told him concerning his right to testify, but almost six years elapsed between the petitioner's trial and the hearing. There is no reason to believe that counsel deviated from her routine practice in this single case. The petitioner also stresses that counsel did not invoke the Constitution in describing his right to testify, but there is no legal requirement that the source of the right to testify be explained to the client.

At the hearing, the petitioner nominally denied that counsel told him he had a "constitutional" right to testify that was personal to him, but he did not deny that counsel made the statements to which she testified. Moreover, the petitioner made clear that his perception that he had no personal right to testify was based, not on what counsel said or did not say, but on her "demeanor" as a take-charge person.

The Court finds that counsel provided the petitioner the information required by *Teague*. Because she did so, she did not render deficient performance. Because she did not render deficient performance, the petitioner's ineffective assistance claim necessarily fails.

The R&R concludes that counsel neither rendered deficient performance nor prejudiced the petitioner by not utilizing certain impeachment witnesses. The petitioner's objection does not challenge the determination that counsel's performance was not deficient. Nor does the objection challenge the determination that the petitioner suffered no prejudice in failing to interview and call these witnesses. Instead, the petitioner argues he was prejudiced only by the combined force of this failure and of his own failure to testify. (Doc. 116 at 3-4). Because counsel did not render deficient performance with respect to the petitioner's right to testify, there is no relevant prejudice flowing therefrom and, by the petitioner's own argument, any prejudice from the failure to call impeachment witnesses is on its own insufficient to support habeas relief.

### B. Motion to Amend.

Upon receipt of the petitioner's objections to the R&R, the Court scheduled this matter for an evidentiary hearing and appointed counsel in accordance with Habeas Rule 8(c) for the limited purpose of presenting evidence and argument concerning the deficient-performance prong of the petitioner's failure-to-testify claim. Although not appointed for any other purpose, counsel thereafter filed a motion to amend the motion to vacate. (Doc. 122). The amendment would add two claims: (1) ineffective assistance based on trial counsel's failure to impeach a prosecution witness with evidence of his drug use; and (2) in the alternative, a *Brady* violation for failure to provide the defense with evidence of the witness's drug use.

The threshold problem for the petitioner is that he did not attempt to assert these claims until after the Magistrate Judge entered his R&R. "[A] district judge has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). In particular, a district judge has discretion not to consider a habeas petitioner's arguments first raised after a magistrate judge has submitted an R&R. *Id*. The *Williams* Court noted the negation of the efficiencies of referrals, and the possibility of gamesmanship, that would occur could litigants foist on district courts arguments and evidence they neglected to present to the magistrate judge. *Id*. at 1291-92. An adequate explanation for the failure might persuade the Court to consider a tardy argument despite these concerns, but the petitioner offers none. Accordingly, the Court in its discretion declines to consider the motion to amend.

Even were the Court to consider the motion to amend, it could not succeed. The motion to vacate was filed just inside the one-year limitations period, which began to run with the denial of the petitioner's petition for writ of certiorari, and the petitioner does not argue that any later date triggered the limitations period as to his motion to amend. The motion to amend was filed almost 18 months after his motion to vacate and so is time-

barred unless the newly asserted claims relate back to when the original motion to vacate was filed.

"An amendment of a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading ...." Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c) applies to motions to vacate filed under Section 2255. *E.g., Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003). To successfully invoke Rule 15(c) in the Section 2255 context, however, "[t]he untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id.* (quoting *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000)). "The *Davenport* rule makes it clear that the key factor is whether the amended claims arise from the same underlying facts as the original claims." *Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001); *accord Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.").

The *Davenport* decision illustrates just how close the relation must be between the timely and the tardy claims. In *Davenport*, the petitioner timely argued that trial counsel was ineffective for failing to argue that the substance he possessed was not in fact crack cocaine and for failing to argue that its weight was improperly calculated because it included moisture content. 217 F.3d at 1346. In his amendment, the petitioner argued that trial counsel was ineffective for not arguing that the amount of cocaine for which he was sentenced included three grams that were not part of the underlying course of conduct and for relying on a summary lab report rather than the full report. *Id*. The *Davenport* Court noted that "[t]he original claims thus dealt with the chemical makeup of the drugs, whereas the amended claims addressed the relationship between the drug transactions and [petitioner's] counsel's having improperly relied on a one-page lab summary instead of obtaining the full eleven-page lab report." *Id*. Thus, as a matter of

law, the "new claims in Davenport's amended § 2255 motion d[id] not relate back to the date of his timely filed § 2255 motion." *Id.* The new claims did not relate back even though they, like the timely claims, were framed as claims of ineffective assistance concerning the cocaine at issue.

The petitioner argues that his new ineffective assistance claim shares a common core of operative fact with the sixth and final claim of his motion to vacate, that he was denied due process due to the cumulative effect of counsel's errors and omissions. On the contrary, the latter claim simply alleged that, even if the petitioner was not entitled to habeas relief based on either of his claims individually, he was entitled to relief based on their combined weight. (Doc. 113 at 12-13). The petitioner does not argue that either of these claims shares a common core of operative facts with his newly asserted claim, and they plainly do not.

The petitioner argues that his new *Brady* claim shares a common core of operative fact with the third claim of his motion to vacate, that counsel was ineffective for failing to investigate and present evidence of two cooperating witnesses' mental health problems. However, the petitioner abandoned this claim long before the motion to amend was filed. (Doc. 113 at 1 n.1). At any rate, the two claims could hardly be more divergent. The original claim asserted that counsel was ineffective for not utilizing evidence within his grasp and did not argue that the government had any obligation to turn over information concerning the mental health of its witnesses. The new claim, in contrast, says that counsel was not ineffective and that the government improperly withheld exculpatory information. Moreover, the original claim addressed witness Packer's mental health, while the new claim addresses his drug use.

Even were the Court to consider the motion to amend, and even could the motion survive scrutiny under Rule 15(c), it could not succeed on the merits. First, it does not provide the information required by Habeas Rule 2. Second, both of the proposed new claims require the petitioner to show prejudice in the sense of a reasonable probability of

a different result,[1] yet the motion to amend does not allege prejudice of any kind, much less of the kind required. The failure to allege the necessary prejudice is independently fatal to a motion to vacate.[2]

## CONCLUSION

For the reasons set forth above, the motion to amend is **denied**. After due and proper consideration of all portions of the file relevant to the issues raised, and a de novo determination of those portions of the R&R to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B), as supplemented by the foregoing material, is **adopted** as the opinion of the Court. The motion to vacate is **denied**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 7th day of October, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] "The prejudice prong of *Strickland* incorporates the same standard used for assessing the materiality of evidence under *Brady* …." *Jennings v. McDonough*, 490 F.3d 1230, 1243 (11th Cir. 2007).

[2] *E.g., Hill v. Lockhart*, 474 U.S. 52, 60 (1985) ("Because petitioner in this case failed to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test, the District Court did not err in declining to hold a hearing on petitioner's ineffective assistance of counsel claim."); *Powell v. Allen*, 602 F.3d 1263, 1271 (11th Cir. 2010) ("Without allegations of any prejudice, we cannot say that Powell's counsel was ineffective in the guilt phase for failing to investigate the scope of Powell's substance abuse."); *Thompson v. Wainwright*, 784 F.2d 1103, 1107 (11th Cir. 1986) ("Because appellant has not alleged prejudice, we need not determine whether this failure may be deemed constitutionally ineffective assistance of counsel.").